IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| SEAN MASON<br>5808 Mahoning Ave NW<br>Warren, OH 44483<br><br>      Plaintiff,<br><br>    v.<br><br>DME EXPRESS, LLC<br>1350 Home Avenue NW, Suite J<br>Akron OH 44310<br><br>  **Serve also at:**<br>  CT Corporation System<br>  4400 Easton Commons Way, Suite 125<br>  Columbus, OH 43219<br><br> -and-<br><br>TABITHA SWEET<br>c/o DME Express, LLC<br>1350 Home Avenue NW, Suite J<br>Akron OH 44310<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**Jury Demand Endorsed Herein** |

Plaintiff, Sean Mason, by and through undersigned counsel, as his complaint against the Defendants, states and avers the following:

### PARTIES AND VENUE

1. Plaintiff is a resident of the city of Warren, county of Trumbull, state of Ohio.

2. DME Express, LLC ("DME") is a domestic corporation for non-profit that is principally located in the county of Summit, state of Ohio.

3. Tabitha Sweet is a resident of the state of Ohio and at all times relevant, aided, abetted or assisted in the conduct described herein.

1

Exhibit A

4. All of the material events alleged in this complaint occurred in Summit County.

5. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1)-(3).

6. Venue is proper pursuant to Civ. R. 3(C)(1)-(3).

7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this complaint.

8. On October 26, 2023, Mason received Right to Sue letter for previously filed charges of discrimination with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC") against Defendants.

9. Plaintiff is filing this complaint within the two-year statute of limitations for his claims described herein under R.C. § 4112.

10. Plaintiff has properly exhausted his administrative remedies pursuant to R.C. § 4112.01 *et seq.*

## FACTS

11. Mason is a former employee of DME.

12. Mason worked for DME beginning in December 2020, as a Director of Operations and Business Development.

13. Mason was qualified for his position with DME.

14. Mason was hired by DME to expand the Ohio business.

15. On or about October 12, 2021, Mason received a bonus for his good performance.

16. Mason is a male.

17. Mason is a member of a protected class on the basis of his gender.

18. Mason experienced and suffered from sexual harassment during his employment in DME.

19. In the spring of 2022, DME named Tabitha Sweet as Vice President.

2

20. As Vice President, Sweet's role was to supervise Mason in furthering the Ohio business.

21. Soon after her began supervising Mason, Sweet began making inappropriate comments and sexual advances towards him.

22. Sweet frequently called Mason "hot" and would bend over in front of him in a sexual manner.

23. Sweet wore revealing clothes and told Mason to examine her body.

24. Sweet's conduct made Mason very uncomfortable and were offensive.

25. Sweet's conduct constituted sexual harassment.

26. Mason did not reciprocate these comments or advances.

27. Mason reported Sweet's sexual harassment to Human Resources (HR).

28. Mason asserted that Sweet caused a hostile work environment.

29. Upon information and belief, HR failed to make any further investigation or to take any corrective actions.

30. Mason cautioned Sweet to act professionally at work.

31. Sweet did not receive Mason's comments well.

32. On or about October 12, 2022, Sweet made comments to Mason about her menstrual cycle/period.

33. Sweet spoke about having sexual intercourse on certain days of the month.

34. Sweet made these comments in front of Mason and another DME employee, Patrick Milano.

35. After rejecting Sweet's advances, she began to retaliate and look for ways to question Mason's performance.

36. Sweet claimed that Mason did not complete scans related to his work tasks.

37. Upon being questioned, Mason demonstrated that the scans were completed.

38. Next, Sweet accused Mason of not uploading an expense report.

39. Mason showed that the expense report had been uploaded into the system.

40. After Sweet's targeted attempts to question Mason's performance failed, she then turned to more general accusations.

41. On or about October 13, 2022, Sweet told Mason that "it's just not working out."

42. Sweet claimed that Mason's employment termination was for "poor job performance."

43. Sweet had no evidence of any poor work performance by Mason.

44. Sweet terminated Mason's employment in retaliation for him not entertaining and instead, reporting, her sexual harassment.

## COUNT I: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

### (Against All Defendants)

45. Mason restates each and every prior paragraph of this complaint, as if it were fully restated herein.

46. As a result of the discriminatory and harassing conduct described above, Mason complained to Defendants about the misconduct that he was experiencing.

47. Subsequent to Mason reporting discrimination and harassment, he suffered adverse actions, including the termination of his employment.

48. Defendants' actions were retaliatory in nature based on Mason's opposition to the unlawful discriminatory and harassing conduct.

49. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

50. Mason suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

51. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Mason, he suffered and will continue to suffer damages.

## COUNT II: SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (Against Defendant DME)

52. Mason restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53. During his employment, Mason was subjected to unwelcome sexual harassment in the form of sexual advances, innuendos and pressure to engage in sexually-related activity with Sweet.

54. The harassment against Mason was based on his gender.

55. Mason's submission to the unwelcome sexual advances by Sweet was an express or implied condition for continued employment.

56. Mason rejected Sweet's acts of sexual harassment.

57. DME, via Sweet, engaged in quid pro quo sexual harassment against Mason.

58. During his employment, Mason was subjected to offensive and harassing conduct by Sweet based on his gender, in the form of inappropriate comments and offensive sexual remarks.

59. DME created and sustained an environment of severe and pervasive sexual harassment in the form of inappropriate comments, and uncomfortable sexual remarks.

60. As a direct and proximate result of the intimidating, offensive, and hostile environment created and sustained by DME, Mason opposed the sexual harassment and reported the sexual harassment to the HR department.

61. Subsequent to reporting sexual harassment, DME failed to take prompt remedial action.

62. Subsequent to reporting sexual harassment, DME ratified the sexual harassment that Mason experienced.

63. DME created a sexually harassing hostile work environment for Mason, based on Sweet's conduct and DME's failure to stop it.

64. Mason suffered emotional distress as a result of DME's conduct and is entitled to emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

65. As a direct and proximate result of DME's conduct, Mason has suffered and will continue to suffer damages.

## COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION AND RETALIATION

### (Against Defendant Sweet)

66. Mason restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Pursuant to R.C. 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

68. Sweet aided, abetted, incited, coerced, and/or compelled DME's discrimination against Mason.

69. Sweet aided, abetted, incited, coerced, and/or compelled DME's retaliation against Mason.

70. Sweet violated R.C. 4112.02(J) and R.C. 4112.99 by aiding, abetting and inciting discrimination and retaliation.

71. Sweet aided and abetted in Mason's termination.

72. As a direct and proximate result of Sweet's conduct, Mason has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Mason demands from Defendants the following:

(a) Issue an order requiring DME to restore Mason to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Mason for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Mason's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred.Bean@SpitzLawFirm.com

*Attorney For Plaintiff Sean Mason*

## JURY DEMAND

Plaintiff Sean Mason demands a trial by jury by the maximum number of jurors permitted.

/s/ *Fred M. Bean*
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2023-12-4738

SEAN MASON
5808 Mahoning Ave NW
Warren, OH, 44483

-VS- **SUMMONS**

DME EXPRESS, LLC
1350 Home Avenue NW, Suite J
Akron, OH 44310

**TO the following:**

TABITHA SWEET
c/o DME Express, LLC
1350 Home Avenue NW, Suite J
Akron, OH 44310

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

FRED MERL BEAN
25825 Science Park Drive., Suite 200
Suite 200
Beachwood, OH 44122

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

December 8, 2023

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2023-12-4738

SEAN MASON
5808 Mahoning Ave NW
Warren, OH, 44483

-VS-                                                                **SUMMONS**

DME EXPRESS, LLC
1350 Home Avenue NW, Suite J
Akron, OH 44310

**TO the following:**

DME EXPRESS, LLC
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

FRED MERL BEAN
25825 Science Park Drive., Suite 200
Suite 200
Beachwood, OH 44122

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

December 8, 2023

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2023-12-4738

SEAN MASON
5808 Mahoning Ave NW
Warren, OH, 44483

-VS-                                                                    **SUMMONS**

DME EXPRESS, LLC
1350 Home Avenue NW, Suite J
Akron, OH  44310

**TO the following:**

DME EXPRESS, LLC
1350 Home Avenue NW, Suite J
Akron, OH  44310

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.  The name and address of the Plaintiff's attorney is:

FRED MERL BEAN
25825 Science Park Drive., Suite 200
Suite 200
Beachwood, OH  44122

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

December 8, 2023